J-S28031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RONDELLE T. COLEY | : | |
| | : | |
| Appellant | : | No. 1715 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 8, 2019
in the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0005396-2018

BEFORE: BOWES, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:               **FILED AUGUST 12, 2020**

Rondelle T. Coley ("Coley") appeals from the judgment of sentence imposed following his convictions of six counts of driving under the influence ("DUI"), and one count each of duties at a stop sign, and possession of marijuana—small amount.[1] We affirm.

On August 11, 2018, Harrisburg Bureau of Police Officer Cynthia Kreiser ("Officer Kreiser") was on routine patrol in the area of 24th and Derry Streets. At approximately 1:00 p.m., Officer Kreiser was traveling east on Derry Street when she observed a blue Pontiac traveling north on Elder Street, near where it intersected with Derry Street. Officer Kreiser observed the Pontiac drive through a stop sign, without stopping, and make a right turn onto Derry

---

[1] *See* 75 Pa.C.S.A. §§ 3802(c), (d)(1)(i), (d)(1)(iii), (d)(2), (d)(3), (a)(1); 3323(b); 35 P.S. § 780-113 (a)(31)(i).

Street. During the turn, the Pontiac veered off the roadway and into the parking lane before continuing to travel east on Derry Street.

Officer Kreiser activated her emergency lights and sirens and attempted to stop the Pontiac. She followed the Pontiac east on Derry Street for a few blocks before another police cruiser, operated by Officer Brandon Braughler ("Officer Braughler"), pulled in front of the Pontiac and blocked its lane of travel. Officer Kreiser approached the Pontiac and asked the driver, later identified as Coley, for his driver's license. As Coley retrieved his license, Officer Kreiser observed a small bag of marijuana fall out of Coley's pocket. Additionally, both officers smelled a strong odor of alcohol coming from Coley's breath. Coley, upon request, exited the vehicle. Coley told the officers that he had consumed three beers and smoked marijuana earlier in the day. Coley, accompanied by Officer Braughler, was transported via ambulance to the Harrisburg Hospital for a blood draw. Coley subsequently consented to a blood draw, which revealed a blood alcohol concentration of 0.193% as well as the presence of marijuana metabolites.

On August 27, 2018, Coley was charged with six counts of DUI and related offenses. Coley filed an Omnibus Pre-Trial Motion challenging the legality of the vehicle stop and seeking to suppress all evidence recovered from the stop as fruit of the poisonous tree. Specifically, Coley argued that Officer Kreiser lacked the reasonable suspicion or probable cause required to initiate a vehicle stop. Additionally, Coley argued that the "travel path [] could not have occurred as reported by Officer Kreiser because of road blockages

and detours." Following a suppression hearing, the trial court denied Coley's Motion.

After a bench trial, the trial court found Coley guilty of six counts of DUI, and one count each of duties at stop sign, and possession of marijuana—small amount. Coley was acquitted of the remaining offenses. The trial court sentenced Coley to an aggregate term of six months of intermediate punishment, with the first ten days to be served on electronic monitoring and house arrest, plus fines and costs of prosecution.[2] Coley filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Coley now raises the following issue for our review:

1. Whether the trial court erred in failing to suppress evidence obtained as the result of an illegal stop and detention unsupported by probable cause, reasonable suspicion, or any articulable basis in violation of the Fourth Amendment of the United States Constitution, and Article 1, Section 8 of the Pennsylvania Constitution?

Brief for Appellant at 5. (some capitalization omitted).

In reviewing the denial of a motion to suppress,

[w]e may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

_____

[2] Coley's six DUI convictions merged for sentencing purposes.

*Commonwealth v. Hampton*, 204 A.3d 452, 456 (Pa. Super. 2019). Additionally, "[i]t is within the suppression court's sole province as fact finder to pass on the credibility of witnesses and the weight to be given their testimony." *Commonwealth v. Clemens*, 66 A.3d 373, 378 (Pa. Super. 2013) (citation omitted). Accordingly, "we will not reverse a suppression court's assessment of credibility absent clear and manifest error." *Commonwealth v. Camacho*, 652 A.2d 1242, 1245 (Pa. Super. 1993).

Coley argues that Officer Kreiser lacked reasonable suspicion and probable cause to stop Coley's vehicle. Brief for Appellant at 15. Further, Coley contends that any observed motor vehicle violations were *de minimis*. *Id.* In support of this claim, Coley asserts that he was "responding appropriately to road conditions and blockage" when he was stopped by police. *Id.*

Probable cause is required to effectuate a traffic stop based on a suspected violation of the Motor Vehicle Code. *Commonwealth v. Feczko*, 10 A.3d 1285, 1288 (Pa. Super. 2010). To satisfy this standard, an officer must be able to "articulate specific facts possessed [] at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in violation of some provision of the [Motor Vehicle] Code." *Id.* at 1291. Such an inquiry must take into account the totality of the circumstances. *Commonwealth v. Delvalle*, 74 A.3d 1081, 1085 (Pa. Super. 2013).

Coley fails to adequately develop his argument for our review. Coley's argument contains only boilerplate citations of this Court's standard of review and general citations pertaining to vehicle stops. Additionally, Coley fails to provide this Court with any analysis of case law or statutes to support his bald allegations. Accordingly, Coley's claim is waived.[3] **See** Pa.R.A.P. 2119(a); **see also Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (stating "it is appellant's duty to present arguments that are developed for our review" and "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant."); **In re R.D.**, 44 A.3d 657 (Pa. Super. 2012) (stating that where an appellant's brief lacked analysis, meaningful appellate review was precluded).

Judgment of sentence affirmed.

_____

[3] Presumably, Coley's argument is based on his contention at the suppression hearing that Officer Kreiser conducted a traffic stop without the requisite probable cause. However, our review discloses that Coley was stopped for a violation of duties at stop signs. **See** N.T. (Suppression Hearing), 05/16/19, at 7, 24-25 (wherein Officer Kreiser testified that she observed the blue Pontiac, operated by Coley, drive through the posted stop sign at the intersection of Elder and Derry Streets without stopping); **see also** 75 Pa.C.S.A. § 3323(b) (providing that "every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line or, if no stop line is present, before entering a crosswalk on the near side of the intersection or, if no crosswalk is present, then at the point nearest the intersecting roadway where the driver has a clear view of approaching traffic on the intersecting roadway before entering…."). Thus, even if Coley had not waived this claim, it lacks merit for the reasons set forth by the trial court in its Opinion. **See** Trial Court Opinion, 11/20/19, at 4-7.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/12/2020